UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM R. D. BRITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:11 CV 62 |
| SAV-A-LOT FOOD CORP., *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

William R. D. Britt, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 9.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, courts apply the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 602. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Britt claims that he was falsely accused of robbing a Sav-A-Lot food store in Fort Wayne, Indiana. According to the complaint, Britt was arrested and charged in February 2009 after being identified in a photo line-up by the store manager, Todd Nerzig, and a cashier, Stephanie Hatch, as one of three men who robbed the store at gunpoint. A local high school student, Katie Achenbach, also came forward, telling police that she knew Britt from the neighborhood and had overheard him bragging about committing the robbery. Britt was ultimately acquitted of the charges.[*] He is now suing Sav-A-Lot, Nerzig, Hatch, Achenbach, and Allen County Prosecutor Karen Richards, alleging that they violated his rights under the U.S. Constitution. (DE # 9 at 2.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, neither the store, its employees, or Achenbach are state actors; therefore, they cannot be sued for constitutional violations. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *see also Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005) (department store was not a

---

[*] Britt is presently serving a sentence for an armed robbery committed at another store in Fort Wayne in November 2008. *See Britt v. State*, 937 N.E.2d 914 (Ind. Ct. App. 2010).

state actor and could not be sued under 42 U.S.C. § 1983 based on an incident in which store employees accused the plaintiff of theft, resulting in his arrest).

In some unique circumstances a private actor may be deemed to have acted under color of state law if he conspired with a state actor to deprive the plaintiff of his constitutional rights. *Dennis v. Spark*, 449 U.S. 24, 28 (1980). However, conspiracy must be pled with particularity, and at a minimum the plaintiff must provide details about the parties involved, the purpose, and the approximate dates of the conspiracy. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Here, Britt does not plausibly allege a conspiracy between the private citizens he names and a state actor. Although he makes bare assertions about a "conspiracy of criminal culpabilities," he believes that a conspiracy existed between Hatch and Achenbach, who was dating Hatch's son at the time of the robbery. (*See* DE # 9 at 3; *see also* DE # 9-2.) Even assuming a conspiracy between these two private citizens existed, it would not transform Britt's allegations into a federal constitutional claim. *See Dennis,* 449 U.S. at 28. Although Britt also names Richards as a defendant, he does not mention her anywhere in the narrative section of his complaint, let alone explain how she conspired with these private citizens to deprive him of his constitutional rights. Accordingly, Britt's allegations against the store, Nerzig, Hatch, and Achenbach fail to state a claim for relief.

That leaves Britt's claim against Richards. As stated above, Britt does not explain how she was involved in these events, and the documents he attaches to his complaint indicate that it was another prosecutor, not Richards, who handled his criminal case.

3

(*See* DE # 9-1 at 6; DE # 9-2 at 2; DE # 9-3 at 2.) Even if Richards had some involvement in the decision to bring charges against Britt or in the prosecution of the state's case, she is entitled to absolute prosecutorial immunity for her actions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Accordingly, the claim against her must be dismissed.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: July 6, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT